# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    CV 13-4134 R (SS)                              Date: July 24, 2013
                                                            Page 1 of 7

Title:    Purvis Holloway v. J. Price, Warden

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

   None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On June 3, 2013,[1] Purvis Holloway ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (See Petition at 8). Petitioner challenges his 1987 conviction for rape and oral copulation in violation of California Penal Code sections 261 and 288. (See Petition at 2). However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). AEDPA dramatically altered federal habeas litigation by imposing a specific time limit on the filing

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the court may have received the pleading. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule as the date the Petition was signed, June 3, 2013. (Petition at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 13-4134 R (SS)                                Date: July 24, 2013
                                                             Page 2 of 7

Title:    Purvis Holloway v. J. Price, Warden

of federal habeas petitions. Rhines v. Weber, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003). Under 28 U.S.C. § 2244(d)(1), state prisoners have one year to file their federal habeas petitions. Generally, the one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-4134 R (SS)                              Date:  July 24, 2013
                                                            Page 3 of 7

Title:       Purvis Holloway v. J. Price, Warden

      Although the precise chronology of all of Petitioner's many state post-conviction filings is somewhat unclear,² Petitioner appears to have filed for direct review with the California Court of Appeal on January 15, 1988. (See California Appellate Courts Case Information Website, District Two, Case No. B032920, http://appellatecases. courtinfo.ca.gov). The California Court of Appeal denied Petitioner's appeal on August 23, 1990. (See id.). Petitioner then filed for direct review with the Supreme Court of California on September 27, 1990. (See id., Case No. S017661). The state supreme court denied Petitioner's petition for review on October 30, 1990. (See id.).

      Therefore, Petitioner's conviction appears to have become final on January 28, 1991, ninety days after the state supreme court entered judgment. See Thompson v. Lea, 681 F.3d 1093, 1094 (9th Cir. 2012) (citing Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999)); Sup. Ct. R. 13 (allowing petition for writ of certiorari to be filed within ninety days after entry of judgment by state supreme court).³ Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period

---

   ² Petitioner states that he does not know when his direct appeals in the California Court of Appeal and the California Supreme Court were filed or decided. (Petition at 2-3). Nor does Petitioner recall when his habeas petition in the Los Angeles County Superior Court was filed. (Id. at 3). However, based on the case numbers provided in the Petition, the Court takes judicial notice of Petitioner's state court proceedings as reflected on the California Courts -- Appellate Courts Case Information website, available at http://appellatecases.courtinfo.ca.gov. See Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

   ³ State court on-line dockets show that Petitioner was engaged in three more rounds of direct appeals between 1995 and 2000, although the current record is insufficient for the Court to determine whether these appeals concerned Petitioner's 1987 conviction or a conviction in another matter. Petitioner filed the first appeal on June 7, 1995 in the California Court of Appeal. (See California Appellate Courts Case Information Website, District Two, Case No. B093266, http://appellatecases. courtinfo.ca.gov). On September 24, 1996, the court reversed in part and remanded with directions. (Id.). On November 6, 1996, Petitioner filed a petition for review with the California Supreme Court, which was denied on January 15, 1997. (Id., Case No. S057095). Petitioner filed the second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-4134 R (SS)                              Date:  July 24, 2013
                                                            Page 4 of 7

Title:       Purvis Holloway v. J. Price, Warden

began to run the next day, on January 29, 1991, and expired on January 29, 1992. Petitioner waited until June 3, 2013 to file the instant Petition. (See Petition at 8). Therefore, absent tolling, the Petition appears to be untimely by twenty-one years, four months, and five days.

AEDPA provides a tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing a state habeas petition after the AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted"). The Court advises Petitioner that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v.

---

appeal in the court of appeal on June 11, 1997. (Id., District Two, Case No. B112792). On April 29, 1998, the court reversed the sentence and remanded for a new sentencing hearing. (Id.). Finally, on March 3, 1999, Petitioner filed his third appeal in the court of appeal, which was denied on April 19, 2000. (Id., District Two, Case No. B129865). On May 22, 2000, Petitioner filed a petition for review in the California Supreme Court, which was denied on June 28, 2000. (Id., Case No. S088455).

If Petitioner was in fact allowed to reopen his direct appeal of the 1987 conviction, his conviction would arguably not have become final until he completed his appeals following resentencing. Burton v. Stewart, 549 U.S. 147, 156–57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA's limitations period begins to run after conclusion of resentencing proceedings); United States v. LaFromboise, 427 F.3d 680, 684 (9th Cir. 2005) (AEDPA's statute of limitations does not begin to run until an amended judgment has been entered following resentencing "and the time for appealing that judgment has passed"). However, as further explained below, even if Petitioner's conviction did not become final until some time in 2000, the instant Petition would still appear to be untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 13-4134 R (SS)                                Date: July 24, 2013
                                                           Page 5 of 7

Title:    Purvis Holloway v. J. Price, Warden

---

Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled").

The California Supreme Court on-line docket reflects that Petitioner filed a habeas petition in that court on September 4, 1991, which was denied on October 30, 1991. (See California Appellate Courts Case Information Website, Case No. S022748, http://appellatecases.courtinfo.ca.gov). However, the state court docket does not indicate the underlying action to which the petition related and Petitioner does not list it in the Petition. Assuming that (1) the petition did concern Petitioner's 1987 conviction and (2) Petitioner pursued habeas relief in the lower courts before filing his supreme court petition such that statutory tolling would apply for the entire period from the running of the statute of limitations to the date the supreme court rendered its habeas decision, the instant Petition would still be untimely. Under this scenario, the limitations period would have begun to run on October 31, 1991, the day after the supreme court rendered its decision, and would have expired on October 31, 1992. As Petitioner did not file the instant Petition until June 3, 2013, the Petition would still be untimely by twenty years, seven months, and three days.

Assuming that the 1991 habeas petition did not relate to the instant matter, Petitioner states in the Petition that he filed a habeas petition challenging the 1987 conviction with the "compton superior court, los angeles, california [sic]," although he does not know the date on which it was filed. (See Petition at 3-4). However, Petitioner indicates that the superior court petition was denied on August 3, 2000. (See Petition at 4). It appears unlikely that Petitioner filed his superior court petition before January 29, 1992, when the AEDPA limitations period expired, as that would mean that at a minimum, his superior court petition would have been pending for at least eight years, six months and five days (i.e., the period between January 29, 1992 and August 3, 2000). It appears more likely that the superior court petition was filed closer to the date when the petition was denied, i.e., after the expiration of the AEDPA limitations period, which means that the superior court petition and any petition filed after it would not be eligible for statutory tolling. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-4134 R (SS)                              Date:  July 24, 2013
                                                           Page 6 of 7

Title:    Purvis Holloway v. J. Price, Warden

    Petitioner then filed a habeas petition with the California Court of Appeal on August 21, 2000, which was denied on August 24, 2000. (See Petition at 4; California Appellate Courts Case Information Website, Case No. B143669, http://appellatecases.courtinfo.ca.gov). Petitioner next filed a habeas petition with the Supreme Court of California on September 5, 2000, which denied the petition on January 30, 2001. (See id. at 4-5; California Appellate Courts Case Information Website, Case No. S091198, http://appellatecases.courtinfo.ca.gov).

    Even if the Court were to assume that statutory tolling were somehow applicable to the entire period between the date when Petitioner's conviction became final and January 30, 2001, when the state supreme court denied his habeas petition, the instant Petition would still be untimely. Indeed, under that generous (and improbable) scenario, the statute of limitations would have began to run on January 31, 2001, the day after the state supreme court denied the habeas petition, and would have expired on January 31, 2002. Petitioner did not file the Petition until June 3, 2013, i.e., eleven years, four months, and three days after the statute of limitations would have expired. Accordingly, it appears that statutory tolling cannot render the instant Petition timely.[4]

---

[4] The Court notes that Petitioner later filed several other habeas petitions and related documents in state court, and that all but the most recent petition, which is still pending, were denied. (See, e.g., id., Case No. S118819 (supreme court habeas petition filed 9/8/03; denied 5/19/04); id., District Two, Case No. B196209 (court of appeal petition for writ of mandate filed 1/22/07; denied 2/8/07); id., District Two, Case No. B245642 (court of appeal petition for writ of error coram nobis filed 12/12/12; denied 1/29/13); id., District Two, Case No. B246011 (court of appeal petition for writ of error coram nobis filed 1/7/13; denied 1/10/13); id., Case No. S208259 (supreme court petition for habeas review filed 1/28/13; denied 3/13/13); id., District Two, Case No. B247698 (petition for writ of mandate filed 3/25/13; denied 4/10/13); id., District Two, Case No. B248989 (court of appeal Proposition 36 notice of appeal filed 5/29/13; case still pending)). Importantly, even assuming that these filings relate to Petitioner's 1987 conviction and were not procedurally improper under state law, all of them were filed well after AEDPA's statute of limitations had already expired, even under the generous scenario described above. AEDPA's statutory tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired. See Ferguson, 321 F.3d 823; Jiminez, 276 F.3d at 482. Accordingly, none of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.     CV 13-4134 R (SS)                                    Date:  July 24, 2013
                                                                  Page 7 of 7

Title:       Purvis Holloway v. J. Price, Warden

---

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  See Holland v. Florida, __U.S.__, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  Here, however, no basis for equitable tolling appears in the Petition.  The Court advises Petitioner that he bears the burden of proof to demonstrate that he is entitled to tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner is therefore **ORDERED TO SHOW CAUSE** within **fourteen (14) days** of the date of this Order why this action should not be dismissed as untimely. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.**  See Fed. R. Civ. P. 41(b).

Petitioner is further advised that instead of filing a response to the instant Order, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1). **A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the one-year limitations period under 28 U.S.C. § 2255(f)(1).  In addition, should Petitioner attempt to file a second petition with these claims, his petition may be rejected as successive.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                         Initials of Deputy Clerk  mr

---

these later-filed petitions appear eligible for statutory tolling.