1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  PURVIS HOLLOWAY,                    Case No. CV 13-4134 SS

12            Petitioner,

                                        **MEMORANDUM DECISION AND ORDER**
13       v.
                                        **DISMISSING PETITION**
14  J. PRICE, Warden,

15            Respondent.

16

17                             **I.**

18                        **INTRODUCTION**

19

20       On June 3, 2013,[1] Purvis Holloway ("Petitioner"), a

21  California state prisoner proceeding <u>pro se</u>, filed a Petition for

22  Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C.

23  § 2254.   Petitioner states that he is challenging his December

24  _____

25  [1] Because Petitioner is a <u>pro se</u> prisoner, the Court has
    calculated the filing date of the Petition pursuant to the
26  mailbox rule as the date the Petition was signed and delivered to
    prison authorities for mailing, not the date it was received by
27  the Court.   <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270, 108 S. Ct.
    2379, 101 L. Ed. 2d 245 (1988); <u>Anthony v. Cambra</u>, 236 F.3d 568,
28  574-75 (9th Cir. 2000).

18, 1987 conviction for rape and oral copulation. (Petition at 2). However, as further discussed below, the Court lacks jurisdiction to hear a challenge to Petitioner's 1987 conviction because it appears he is no longer in custody pursuant to that conviction, and, alternatively, because any claim relating to that conviction is grossly untimely. (See id.).

Petitioner is currently serving an indeterminate term of twenty-five years to life, plus a consecutive determinate term of one year for a prior prison term enhancement, for his May 9, 1995 conviction and sentence for possession of a firearm by a felon. (See Purvis Holloway v. Warden Hamlet, C.D. Cal. Case No. CV 01-2909 RJK (FMO) ("Prior Petition I"), Report and Recommendation, Dkt. No. 47 at 2-3; see also California Appellate Courts Case Information Website, appellatecases.courtinfo.ca.gov, Second Appellate District Case No. B093266).[2]  Even if the Court construes the instant Petition liberally as a challenge to Petitioner's 1995 conviction and sentence, which was enhanced by the earlier 1987 conviction, the Court still lacks jurisdiction because Petitioner has previously filed two habeas petitions in this Court regarding the same 1995 conviction. Therefore, the Petition is barred as successive. (See Prior Petition I, Dkt. No. 47 at 2-3; see also Purvis Holloway v. Second Appellate

---

[2]    The Court takes judicial notice of Petitioner's prior proceedings in this Court and the California state courts. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . ."); Porter v. Ollison, 620 F.3d 952, 955 n. 1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

1   <u>District</u>, C.D. Cal. Case No. 07-3233 GPS (FMO), Dkt. No. 4

2   ("Prior Petition II")).

3

4       On July 24, 2013, the Court issued an Order To Show Cause

5   Why This Action Should Not Be Dismissed As Untimely (the

6   "Timeliness OSC"). (Dkt. No. 6). Petitioner filed a Response on

7   August 16, 2013 (the "Timeliness OSC Response"). (Dkt. No. 7).

8   On October 11, 2013, upon further review of the file, including

9   Petitioner's Response to the Timeliness OSC, the Court issued an

10  Order To Show Cause Why This Action Should Not Be Dismissed For

11  Lack Of Jurisdiction Or As Successive (the "Juris. OSC"). (Dkt.

12  No. 8). The Court received Petitioner's Response on November 8,

13  2013 (the "Juris. OSC Response"). (Dkt. No. 9).

14

15      Petitioner, who is the only party to this action, has

16  consented to the jurisdiction of the undersigned United States

17  Magistrate Judge pursuant to 28 U.S.C. § 636(c). (<u>See</u> Dkt. No.

18  2). Accordingly, the undersigned has jurisdiction to deny the

19  Petition on procedural grounds before service of the Petition on

20  Respondent.[3]   For the reasons discussed below, the Petition is

21  ──────────────────────

22  [3] "Upon the consent of the parties," a magistrate judge "may
    conduct any or all proceedings in a jury or nonjury civil matter

23  and order the entry of judgment in the case."   28 U.S.C.
    § 636(c)(1).   Here, Petitioner is the only "party" to the

24  proceeding and has consented to the jurisdiction of the
    undersigned U.S. Magistrate Judge. (Dkt. No. 2). Respondent has

25  not yet been served and therefore is not yet a party to this
    action.  <u>See, e.g.</u>, <u>Travelers Cas. & Sur. Co. of Am. v. Brenneke</u>,

26  551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without
    personal jurisdiction over a defendant unless the defendant has

27  been served in accordance with Fed. R. Civ. P. 4.") (internal
    quotation marks and citation omitted).

28

1   DENIED for lack of jurisdiction, and, alternatively, as untimely,

2   and this action is DISMISSED WITHOUT PREJUDICE.

3   \\

4   \\

5   \\

6   \\

7   \\

8

9       Accordingly, all parties have consented pursuant to
10  § 636(c)(1) and the undersigned Magistrate Judge has jurisdiction
    to dismiss this matter.  See Wilhelm v. Rotman, 680 F.3d 1113,
11  1119–21 (9th Cir. 2012) (magistrate judge had jurisdiction to
    dismiss sua sponte prisoner's lawsuit under 42 U.S.C. § 1983 for
12  failure to state claim because prisoner consented and was only
    party to action); United States v. Real Prop., 135 F.3d 1312,
13  1317 (9th Cir. 1998) (magistrate judge had jurisdiction to enter
    default judgment in in rem forfeiture action even though property
14  owner had not consented because § 636(c)(1) requires consent only
    of "parties" and property owner, having failed to comply with
15  applicable filing requirements, was not a "party"); Neals v.
    Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not
16  contain a consent from the defendants.  However, because they had
    not been served, they were not parties to this action at the time
17  the magistrate entered judgment.  Therefore, lack of written
    consent from the defendants did not deprive the magistrate judge
18  of jurisdiction in this matter."); see also Olivar v. Chavez,
    2013 WL 4509972 at *2 (C.D. Cal. Aug. 23, 2013) (magistrate judge
19  may dismiss habeas petition with prejudice as untimely where
    petitioner consented and respondent had not been served); Patrick
20  Collins, Inc. v. Doe, 2011 U.S. Dist. LEXIS 125671, at *4 n. 1
    (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to
21  magistrate jurisdiction and the Doe Defendants have not yet been
    served.  Therefore, the Court finds that it has jurisdiction
22  under 28 U.S.C. § 636(c) to decide the issues raised in the
    instant motion(s)."); Third World Media, LLC v. Doe, 2011 WL
23  4344160 at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not
    require the consent of the defendants to dismiss an action when
24  the defendants have not been served and therefore are not parties
    under 28 U.S.C. § 636(c)."); Ornelas v. De Frantz, 2000 WL 973684
25  at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require
    the consent of defendants in order to dismiss this action because
26  defendants have not been served, and, as a result, are not
27  parties under the meaning of 28 U.S.C. § 636(c).").
28
                                    4

1

2

3

## II.

### PRIOR PROCEEDINGS

According to the Petition, on December 18, 1987, a Los Angeles County Superior Court jury convicted Petitioner of rape and oral copulation in violation of California Penal Code sections 261 and 288. (Petition at 2). The Petition further indicates that on January 15, 1988, the trial court sentenced Petitioner to eight years in state prison on one of the counts and to two years on the other count.[4] Petitioner states that he was released from custody on parole in 1992 with respect to those convictions. (Timeliness OSC Response at 1).

After his release, Petitioner was convicted again in 1995 on charges relating to a separate incident that occurred in 1994. In the 1995 proceedings, a Los Angeles County Superior Court jury found Petitioner guilty of four counts of forcible oral copulation in violation of Penal Code section 288a(c), false imprisonment in violation of Penal Code section 236, assault with a firearm in violation of Penal Code section 245(a)(2), and possession of a firearm by a felon in violation of Penal Code 12021(a). (Prior Petition I, Report and Recommendation, Dkt. No. 47 at 2). The jury further found that Petitioner personally used

---

[4] The California Appellate Courts Case Information Website indicates that the trial court case number for the 1987 conviction was Los Angeles County Superior Court Case No. A954374. (See appellatecases.courtinfo.ca.gov, Second Appellate District Case No. B032920). The Petition does not indicate whether these determinate sentences were served consecutively or concurrently.

1    a firearm in the commission of the crimes. (Id.). In a
2    bifurcated proceeding, the trial court found that Petitioner had
3    suffered two prior "strikes" and had served one prior prison
4    term. (Id.). The trial court sentenced Petitioner to four
5    consecutive terms of twenty-five years to life, plus a
6    consecutive term of four years for the firearm enhancement.
7    (Id.). Sentences were stayed on the false imprisonment, assault
8    with a firearm, and possession of a firearm counts pursuant to
9    Penal Code section 654.[5] (Id.).

10

11       On direct appeal, due to the trial court's exclusion of
12   certain impeachment evidence, the California Court of Appeal
13   reversed the judgment on all counts except the count for
14   possession of a firearm by a felon and remanded the case for
15   resentencing on that conviction. (Id.). On remand, the
16   prosecution declined to retry the counts that were dismissed, and
17   the trial court resentenced Petitioner on the possession of a
18   firearm by a felon count. (Id. at 3). Petitioner appealed that
19   sentence, which the court of appeal again reversed and remanded
20   for resentencing. On remand, the trial court imposed a twenty-
21   five years to life indeterminate term, plus a consecutive one-
22   year term for the prior prison term enhancement. (Id.).
23   Petitioner unsuccessfully appealed that sentence in the
24   California courts. The Los Angeles County Superior Court, the

25   _____

26   [5]  The California Appellate Courts Case Information Website
     indicates that the trial court case number for the 1995
27   conviction was Los Angeles County Superior Court Case No.
     TA031000. (See appellatecases.courtinfo.ca.gov, Second Appellate
28   District Case No. B093266).

California Court of Appeal and the California Supreme Court summarily denied Petitioner's habeas petitions. (Id.).

Petitioner filed Prior Petition I in this Court challenging his 1995 conviction and sentence on March 29, 2001. (See Prior Petition I, Report and Recommendation, Dkt. No. 47 at 2). On July 29, 2003, the Magistrate Judge issued a Report and Recommendation recommending that Prior Petition I be dismissed on the merits with prejudice. (See id. at 2, 32). The Court found, inter alia, that Petitioner's sentence was properly enhanced under California's Three Strikes Law because his 1987 conviction for rape and oral copulation qualified as two separate "strike" offenses under California law. (See id. at 11-13). The District Judge accepted the Magistrate Judge's Report and Recommendation and dismissed Prior Petition I on February 17, 2004. (See id., Dkt. Nos. 59 & 60). On August 24, 2004, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (See id., Dkt. No. 70 at 1).

Petitioner filed Prior Petition II, which also challenged his 1995 conviction and sentence, in this Court on May 16, 2007. (See Prior Petition II, Order Dismissing Petition for Lack of Jurisdiction, Dkt. No. 4 at 1). The District Judge found that Prior Petition II was "a second or successive petition challenging [P]etitioner's conviction and sentence in Los Angeles County Superior Court Case No. TA031000 [and] [t]here [wa]s no indication in the record that [P]etitioner ha[d] obtained permission from the Ninth Circuit Court of Appeals to file a

1    second or successive petition."   (Id. at 3).   Accordingly, the

2    District Judge dismissed Prior Petition II on May 29, 2007 for

3    lack of jurisdiction to consider Petitioner's successive

4    petition.   (See id. at 4).   On May 29, 2008, the Ninth Circuit

5    denied Petitioner's request for a certificate of appealability.

6    (See id., Dkt. No. 19 at 1).   Petitioner constructively filed the

7    instant Petition on June 3, 2013.

8

9                                   **III.**

10                         **PETITIONER'S CLAIM**

11

12       Petitioner's sole claim for federal habeas relief reads in

13   its entirety:

14

15       [P]etitioner's due process and equal protection rights

16       were violated, U.S. Const V and XIV AMENDMENT; CAL

17       CONST ART 1 § 7.   The california [sic] supreme court

18       violated its own standard of review, to secure

19       uniformity of decision, and settle question of law, and

20       when courts lacke [sic] jurisdiction CAL RULES OF COURT

21       8.500(b) which was set forth by petitioner in his

22       petition for review in regards to coram vobis renamed a

23       habeas which also was a violation [sic].   CONTINUE NEXT

24       PAGE:"

25

26   (Petition at 5).[6]

27   _____

28   [6] The "next page" of the Petition is a copy of a California
     Supreme Court Order dated March 13, 2013 denying without comment

                                    8

# IV.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); see also Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct.

---

or citation to authority Petitioner's petition for review and request for judicial notice. (Petition at 5a). The Petition contains no other claims, material factual allegations, or exhibits.

The claims at issue in the Petition are only marginally clarified by the arguments presented in Petitioner's largely incoherent OSC Responses. On the one hand, Petitioner argues that he is challenging "the legality of his detention under a [sic] invalid use of his 1987 prior," which appears to indicate that he is challenging his 1995 conviction and sentence, which was enhanced by his 1987 conviction. (Juris. OSC Response at 2) (emphasis added). Specifically, Petitioner appears to contend that his 1995 sentence was improperly enhanced because the court erroneously treated his 1987 conviction as two separate strikes, not one. (Id.). An argument based on how the court in 1995 treated Petitioner's 1987 conviction when it imposed sentence is logically an attack on the 1995 sentence, not the 1987 conviction. In addition, the Petition indicates that Petitioner filed a habeas petition in this matter in the "Compton Superior Court" relating to case number TA031000, which was the trial court case number for the 1995 proceedings. (See Petition at 3). Accordingly, it appears likely that Petitioner is actually attempting to challenge his 1995 conviction and sentence, for which he is currently incarcerated. On the other hand, Petitioner argues that the current Petition is not "successive" because Prior Petition I and Prior Petition II challenged his 1995 conviction and sentence, whereas "[P]etitioner's 1987 conviction [for rape and oral copulation] is not a possession of a firearm [sic]," which suggests that Petitioner may somehow be attempting to attack his 1987 conviction, although Plaintiff does not explain what the basis for such a challenge might be. (Id. at 3).

9

1910, 150 L. Ed. 2d 9 (2001) ("Because [petitioner] filed his federal habeas petition after the enactment of [AEDPA], the provisions of that law govern the scope of our review.").[7]   For the reasons stated below, whether the Petition is construed as a direct attack on Petitioner's 1987 conviction or an indirect challenge to his 1995 conviction and sentence, which was enhanced by the 1987 conviction, the Court lacks jurisdiction to hear Petitioner's claims.

**A.    To The Extent That Petitioner Is Attempting To Challenge His 1987 Conviction, The Court Lacks Jurisdiction Because Petitioner Does Not Appear To Be "In Custody" Pursuant To That Conviction And, Alternatively, Because Any Such Claim Is Untimely**

28 U.S.C. § 2254 empowers the court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States."   28

---

[7]   The Ninth Circuit has specifically held that "AEDPA's provisions governing second or successive petitions apply to a new petition filed after the date of AEDPA's enactment, even if the original petition was filed before." Cooper v. Calderon, 274 F.3d 1270, 1272 (9th Cir. 2001) (citing United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-64 (9th Cir. 2000)).   Similarly, AEDPA's one-year statute of limitations applies to petitions filed after AEDPA's effective date, even if the petitioner's conviction became final before AEDPA's implementation.   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); but see Jackson v. Brown, 513 F.3d 1057, 1069 (9th Cir. 2008) (general AEDPA provisions do not apply where federal habeas petition was filed before AEDPA's effective date).

U.S.C. § 2254(a) (emphasis added).  Petitioner was convicted on December 18, 1987 -- nearly twenty-six years ago -- and sentenced on January 15, 1988 to determinate state prison terms of eight years on one count and two years on another count.  (See Petition at 2).  Petitioner states that he was paroled in 1992. (Timeliness OSC Response at 1).  "Under California law, a period of parole . . . is not part of the offender's prison term; it follows the prison term, which ends on the day of release on parole.  Thus, by definition, a parolee who commits an [offense] while on parole has already served the full prison term prescribed by law for the underlying [prior offense] and the criminal conduct that produced it."  People v. Guzman, 35 Cal. 4th 577, 590, 25 Cal. Rptr. 3d 761 (2005).

      Accordingly, it is clear that Petitioner is currently incarcerated pursuant to his 1995 conviction for possession of a firearm by a felon, not his 1987 conviction for rape and oral copulation.  Petitioner does not seriously attempt to argue otherwise.  Therefore, to the extent that Petitioner is deemed to be "in custody" for purposes of habeas jurisdiction based on his current incarceration, the Court lacks jurisdiction to entertain a direct challenge to his 1987 conviction because Petitioner is not presently incarcerated pursuant to that conviction.  See, e.g., Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  To that extent, this action must be dismissed for lack of jurisdiction.

Petitioner nonetheless argues that he is still technically "in custody" pursuant to his 1987 conviction for purposes of habeas jurisdiction because his parole in that case has never been discharged. (Juris. OSC Response at 1).   The Ninth Circuit has held that "[p]hysical custody is not indispensable to confer [habeas] jurisdiction," Bailey, 599 F.3d at 979, and a parole term satisfies the "in custody" requirement.   See Thornton v. Brown, 724 F.3d 1255 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute . . . ."). However, even assuming the accuracy of Petitioner's representation that he is still on parole from his 1987 conviction, which Petitioner fails to support with any evidence, any claim pertaining to Petitioner's 1987 conviction must still be dismissed as untimely.

Under AEDPA, state prisoners have one year to file their federal habeas petitions.   28 U.S.C. § 2244(d)(1).   AEDPA's one-year statute of limitations generally runs from the date on which a prisoner's conviction becomes final on the conclusion of direct review (or the expiration of the time for seeking such review), or, for pre-AEDPA convictions, from the April 24, 1996 implementation of AEDPA.   Id. § 2244(d)(1)(A); Patterson, 251 F.3d at 1246 ("AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date . . . ended on April 24, 1997 in the absence of statutory tolling.") (emphasis added).

\\

\\

1    Petitioner was convicted in December 1987, sentenced in
2    January 1988, and released from custody on parole in 1992.
3    (Prior Petition I, Report and Recommendation, Dkt. No. 47 at 2;
4    Timeliness OSC Response at 1). In his response to the Timeliness
5    OSC, Petitioner does not even attempt to argue that statutory or
6    equitable tolling can render the June 3, 2013 filing of the
7    instant Petition timely under AEDPA's one-year limitations
8    period. (See generally id. at 1-4). Rather, Petitioner argues
9    that AEDPA does not apply to his 1987 conviction because he was
10   convicted and sentenced -- and indeed, served his entire prison
11   term on that conviction -- prior to AEDPA's enactment. (Id. at
12   1-2).

13

14       However, even assuming, as Petitioner asserts, that
15   Petitioner's conviction became final before AEDPA became
16   effective on April 24, 1996, the statute of limitations began to
17   run on the date of AEDPA's enactment and expired one year later,
18   on April 24, 1997. Patterson, 251 F.3d at 1246. Accordingly,
19   when Petitioner filed the instant Petition on June 3, 2013, it
20   appears to have been untimely by 16 years, 1 month and 10 days,
21   absent tolling.

22

23       AEDPA provides a tolling provision that suspends the
24   limitations period for the time during which a "properly-filed"
25   application for post-conviction or other collateral review is
26   pending in state court. 28 U.S.C. § 2244(d)(2). However, the
27   tolling provision does not apply if a state habeas petition is
28   filed after the limitations period has already expired. See,

13

e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing a state habeas petition after the AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted"). The Petition indicates that Petitioner filed state habeas petitions in the Los Angeles County Superior Court (denied August 3, 2000), the California Court of Appeal (denied August 24, 2000), and the California Supreme Court (denied January 30, 2001). (Petition at 3-5). It is questionable whether these petitions actually challenged the fact of Petitioner's 1987 conviction as opposed to the calculation of his 1995 sentence. Regardless, because these petitions were almost certainly all filed after the statute of limitations had run on Petitioner's claims on April 24, 1997, they do not appear to entitle Petitioner to statutory tolling.

However, even if the Court were to assume that Petitioner's challenge to his 1987 conviction was somehow eligible for statutory tolling until January 30, 2001, when the state supreme court denied his habeas petition, the instant Petition would still be untimely. Indeed, under that generous (and improbable) scenario, the statute of limitations would have begun to run on January 31, 2001, the day after the state supreme court denied the habeas petition, and would have expired on January 31, 2002. Petitioner did not file the Petition until June 3, 2013, i.e., eleven years, four months, and three days after the statute of

limitations would have expired.  Accordingly, statutory tolling cannot render the instant Petition timely.

Petitioner has failed to demonstrate that he is entitled to statutory tolling and has offered no argument as to his entitlement to equitable tolling, despite the Court's explicit warning that he bears the burden of establishing an entitlement to tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); (see also Timeliness OSC at 7).  Nor can the Court discern from the record any reason why Petitioner would be entitled to statutory or equitable tolling.  Accordingly, even if Petitioner is technically "in custody" because the parole term on his 1987 conviction has not been discharged, a fact it is unnecessary for the Court to decide, any claim relating to that conviction is untimely and must be dismissed.

**B.**   **To The Extent That Petitioner Is Attempting To Challenge His 1995 Conviction And Sentence, The Court Lacks Jurisdiction Because The Petition Is Successive**

Even though the Petition purports to challenge Petitioner's 1987 conviction, (see Petition at 2), and does not specifically mention Petitioner's 1995 conviction and sentence, it appears more likely -- and logical -- that Plaintiff is actually attempting to challenge his 1995 conviction and sentence, for which he is currently incarcerated.  As noted earlier, Petitioner indicated in his OSC Responses that he is challenging the "invalid use" of his 1987 prior conviction, which is an attack on

15

1  the way his 1995 sentence was determined and imposed. However,

2  even construing the Petition liberally as a challenge to

3  Petitioner's 1995 conviction and sentence, the Court lacks

4  jurisdiction to hear Plaintiff's claim.

5

6  As an initial matter, to the extent that Petitioner seeks to

7  challenge the enhancement of his current sentence on the ground

8  that the prior strikes stemming from his 1987 conviction were

9  unconstitutionally obtained, any such challenge is barred by the

10  Supreme Court's decision in Lackawanna Cnty. Dist. Attorney v.

11  Cross, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).

12  According to the Lackawanna decision, "once a state conviction is

13  no longer open to direct or collateral attack in its own right

14  . . . , the conviction may be regarded as conclusively valid."

15  Id. at 403.  Thus, "[i]f that conviction is later used to enhance

16  a criminal sentence, the defendant generally may not challenge

17  the enhanced sentence through a petition under § 2254 on the

18  ground that the prior conviction was unconstitutionally

19  obtained."  Id. at 403-04; see also Moore v. Chrones, 687 F.

20  Supp. 2d 1005, 1045-46 (C.D. Cal. 2010).  Here, Petitioner's 1987

21  conviction is no longer open to attack in its own right.

22  Accordingly, Petitioner cannot challenge the enhanced sentence he

23  is currently serving by attacking the lawfulness of his prior

24  convictions.[8]

25  _____

26  [8] "The only explicit exception to the Lackawanna bar is for
[claims under Gideon v. Wainright, 372 U.S. 335, 83 S. Ct. 792,

27  9. L. Ed. 2d 799 (1963)], which require a total denial of the
right to counsel."  Moore, 687 F. Supp. 2d at 1045-46 (footnote

28  omitted) (citing Lackawanna, 532 U.S. at 404).  Here, Petitioner
does not argue -- and there is no indication that -- he was

16

1    More fundamentally, to the extent that Petitioner is
2  attempting by the instant Petition to challenge his 1995
3  conviction and sentence on this or any other ground, the Petition
4  is plainly successive. Courts have recognized that AEDPA
5  generally prohibits successive petitions:

7        AEDPA greatly restricts the power of federal courts to
8        award relief to state prisoners who file second or
9        successive habeas corpus applications. If the
10       prisoner asserts a claim that he has already presented
11       in a previous federal habeas petition, the claim must
12       be dismissed in all cases. And if the prisoner
13       asserts a claim that was not presented in a previous
14       petition, the claim must be dismissed unless it falls
15       within one of two narrow exceptions. One of these
16       exceptions is for claims predicated on newly
17       discovered facts that call into question the accuracy

_____

denied the right to counsel. (See generally Juris. OSC Response
at 1-3). Thus, this exception to the Lackawanna bar appears
inapplicable to Petitioner's case. The Court notes that the
Ninth Circuit has held that the Lackawanna bar does not prevent a
petitioner from challenging an expired conviction where a state
court, without justification, refused to rule on a constitutional
claim that was properly presented to it. See Dubrin v. People of
California, 720 F.3d 1095, 1096-1100 (9th Cir. 2013). Nothing in
the record suggests that the California courts declined to
address Petitioner's constitutional claims and, accordingly,
Dubrin is inapposite here. Regardless, even if an exception to
the Lackawanna bar applied, which it does not, Petitioner would
still be required to obtain permission from the Ninth Circuit to
file a successive petition before this Court may exercise
jurisdiction, as explained below. See Woods v. Carey, 525 F.3d
886, 888 (9th Cir. 2008).

1    of a guilty verdict.  The other is for certain claims
2    relying on new rules of constitutional law.

3

4  Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d
5  632 (2001) (citations omitted); see also Pizzuto v. Blades, 673
6  F.3d 1003, 1007 (9th Cir. 2012).

7

8      Here, construed as a challenge to Petitioner's 1995
9  conviction and sentence, the instant Petition is successive
10  because it challenges the same 1995 conviction and sentence that
11  Petitioner challenged in Prior Petition I and Prior Petition II.
12  See, e.g., Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793,
13  166 L. Ed. 2d 628 (2007) (a petition is successive where it
14  challenges "the same custody imposed by the same judgment of a
15  state court" as a prior petition).  Thus, Petitioner must obtain
16  permission from the U.S. Court of Appeals for the Ninth Circuit
17  before the instant Petition can proceed.  See 28 U.S.C.
18  § 2244(b)(3)(A) ("Before a second or successive application
19  permitted by this section is filed in the district court, the
20  applicant shall move in the appropriate court of appeals for an
21  order authorizing the district court to consider the
22  application."); see also Woods, 525 F.3d at 888 ("Even if a
23  petitioner can demonstrate that he qualifies for one of these
24  exceptions, he must seek authorization from the court of appeals
25  before filing his new petition with the district court.").

26

27      Petitioner has not shown that he received permission from
28  the Ninth Circuit to file a successive petition or even requested

18

it.  See, e.g., Goins v. Beard, 2010 WL 545891 at *5 (W.D. Pa. Feb. 9, 2010) ("[I]t is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court . . . ."); Ocadio v. Ives, 2009 WL 4157652 at *1 (E.D. Cal. Nov.19, 2009) (recommending dismissal where "the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court"). Furthermore, the Court's review of the docket does not indicate that Petitioner has either requested or received permission from the Ninth Circuit to file a successive petition.  Accordingly, this action must be dismissed for lack of jurisdiction, but without prejudice to refiling when and if Petitioner obtains the necessary permission.  See Burton, 549 U.S. at 153 ("In short, [the petitioner] twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, the District Court was without jurisdiction to entertain it.").

**C.   Any Further Frivolous Filings That Ignore This Court's Prior Rulings May Result In Sanctions Or A Recommendation That Petitioner Be Deemed A Vexatious Litigant**

Including the instant Petition, Petitioner has now brought three separate petitions challenging the same conviction and sentence to this Court, each time with the same result.  The

Court has repeatedly explained that it does not have jurisdiction to hear Petitioner's claims. Petitioner has refused to accept the Court's rulings. Therefore, the Court advises Petitioner that if he attempts to challenge his 1995 conviction and sentence, or the 1987 conviction that was used to enhance his 1995 sentence, in this Court in any future frivolous filings that ignore the Court's prior rulings, the Court may impose sanctions or recommend that Petitioner be deemed a vexatious litigant.

**V.**

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action without prejudice.

DATED:  November 21, 2013

                                                /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE